IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE HAND PROMOTIONS, INC.

Plaintiff,

vs.                                        Case No. 16-2154-JTM

DONNIE CLARK, *et al.*,

Defendants.

MEMORANDUM AND ORDER

Plaintiff Joe Hand Promotions owns the rights to electronically exhibit Ultimate
Fighting Championship matches in the United States. The Complaint filed by Joe Hand
alleges that on March 15, 2014, the defendants showed a UFC match at their bar in
Larned, Kansas, and did so without authorization. The plaintiff seeks recovery against
the defendants under federal statutes protecting the rights of similar companies.

The defendants' Answer denies the claim for relief, but raised the affirmative
defenses of (1) comparative fault, (2) failure to identify all necessary parties, (3) statute
of limitations, (4) authorization by the cable company to exhibit the program, (5)
equitable defenses, (6) failure to mitigate damages, and (7) lack of knowledge of
illegality. Joe Hand has moved (Dkt. 13) to strike the affirmative defenses, and for its

fees and costs in filing the motion. For the reasons provided herein, the court grants the motion to strike, but denies the motion for fees and costs.

Motions to strike opposing pleadings under Fed.R.Civ.Pr. 12(f) "are a generally disfavored, drastic remedy." *Miller v. Pfizer, Inc.*, 1999 WL 1063046, at *3 (D. Kan. Nov. 10, 1999). Joe Hand argues that the result is appropriate in this case because the affirmative defenses in the Amended Answer filed by the defendants listed are simply boilerplate recitations without any supporting factual allegations, and which are not valid defenses to this action for unauthorized exhibition under 47 U.S.C. § 553 and 605(a).

The plaintiff's motion rests in part on its argument that the court should not accept "bare bones, conclusory allegations" in the affirmative defenses (Dkt. 13, at 3), effectively contending that the court should apply the pleading standards recognized in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) to affirmative defenses.

To support its argument, plaintiff quotes *Lane v. Page*, 272 F.R.D. 581, 590 at n. 5 (D.N.M. 2011) (citing *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 408 (D. Del. 2009)) as if reciting the holding in *Lane* (Dkt. 13, at 13), but this is misleading. At the referenced footnote, *Sun Microsystems* is simply listed as one of some two dozen district court decisions which are deeply divided on the issue. More importantly, candid reference to *Lane* would require the acknowledgement that the court in fact *rejected* the *Sun Microsystems* viewpoint. *See* 272 F.R.D. at 591 ("The Court

declines to extend the heightened pleading standard the Supreme Court established in

*Bell Atlantic v. Twombly and Ashcroft v. Iqbal* to affirmative defenses.").

This court has adopted the same position:

> The reasons against applying *Twombly* standards to affirmative defenses
> … include differences in the respective rules governing claims for relief
> versus defenses; the short time for filing a responsive pleading and the
> risk of waiver from leaving out affirmative defenses; the drastic nature of
> striking defenses; and the delay and procedural wrangling likely to result
> from encouraging challenges to the pleading of affirmative defenses.

*Larson v. FGX Int'l, Inc.*, No. 14-02277-JTM, 2015 WL 6738695, at *1 (D. Kan. Nov. 4,

2015) (citing *Falley v. Friends Univ.*, 787 F.Supp.2d 1255, 1257-58 (D. Kan. 2011).

The court "should decline to strike material from a pleading unless that material

has no possible relation to the controversy and may prejudice the opposing party."

*Falley*, 787 F.Supp.2d at 1257 citing *Wilhelm v. TLC Lawn Care*, No. 07-2465-KHV, 2008

WL 474265, at *2 (D. Kan. Apr. 25, 1995). A defense is insufficient if no circumstances

exist under which it can succeed as a matter of law. *Wilhelm*, 2008 WL 474265, at *2

(D.Kan. Feb. 19, 2008).

The court finds that the affirmative defenses should be stricken, and will deny

the request of the defendants (Dkt. 14, at 11) to permit an amendment "should this

Court determine that any of Defendants' Defenses targeted by the Motion to Strike have

not been sufficiently pled." Notably, defendants supply no suggestion in their Response

as to *how* they might amend the Amended Answer to supply any missing defects. More

importantly, as noted earlier, the court applies the lesser, notice standard recognized in

*Falley* and *Larson*. The problem with the affirmative defenses is not the failure of the

3

defendants to support them with factual allegations. Rather, the seven affirmative defenses set forth in the Amended Answer simply are not defenses to the plaintiff's claims under Section 553 and 605.

First, many of the "affirmative defenses" are not actually affirmative defenses.[1] "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Co. v. Main Hurdman*, 655 F.Supp. 259, 262 (E.D.Cal.1987). "In contrast, denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses." *G & G Closed Circuit Events, LLC v. Nguyen*, 2010 WL 3749284, at *5 (N.D. Cal. 2010) (quotation marks and citation omitted). Where an "affirmative defense" is actually a denial of liability, a motion to strike may be properly granted. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002); *Barnes v. AT&T Pension Ben. Plan*, 718 F.Supp.2d 1167, 1173 (N.D. Cal. 2010).

Moreover, courts have typically found such generic equitable affirmative defenses irrelevant to claims under the Cable Act. *See J&J Sports Productions v. Olivio*, 2015 WL 3604457, *3 (S.D. Cal. June 8, 2015) (dismissing affirmative defenses of waiver and unclean hands as "superfluous to the instant case" and essentially "a refutation of Plaintiff's assertions in the complaint, rather than an affirmative defense."). *See also J&J Sports Productions v. Angulo*, 2015 WL 5020725, *4 (E.D. Cal. Aug. 21, 2015) (striking

---

[1]   The defendants themselves acknowledge that Affirmative Defenses 2, 6, and 7 (failure to identify necessary parties, failure to mitigate, lack of knowledge of illegality) "perhaps … were inartfully plead by the inclusion of the wording 'and by way of affirmative defense.'" (Dkt. **, at 6).

4

unjust enrichment defenses*); J & J Sports Prod., Inc. v. Ramirez Bernal*, 2014 WL 2042120, at *6 (E.D. Cal. May 16, 2014). The same is true of the affirmative defenses advanced here of lack of mitigation of damages, *see J & J Sports Productions v. Coyne*, 2011 WL 227670, at *2 (N.D. Cal. 2011) (striking this defense of failure to mitigation damages as irrelevant to Cable Act claim*);  G & G Closed Circuit Events*, 2010 WL 3749284, at *5 (same); and ignorance of illegality. *See Joe Hand Promotions v. Davis*, 2012 WL 4803923, *7 (N.D. Cal. Oct. 9, 2012) (striking affirmative defense that "defendant was not aware and had no reason to believe that his acts constituted any violation of law" as essentially an "ignorance of the law" argument).

Of the seven affirmative defenses, the defendants' Response to the Motion to Strike (Dkt. 14, at 8-9) discusses only two:  comparative fault and the statute of limitations.

The defendants support the existence of the comparative fault defense by reference to *Drury v. Wendy's Old Fashioned Hamburgers of New York*, 2012 WL 2339747, *3 (D. Kan. June 19, 2012), but this case merely holds the rule from cases such as *Falley* and *Larson*—that the sufficiency of pleading affirmative defenses should not be reviewed under the standards of *Twombly* and *Iqbal*—is indeed applicable to the specific affirmative defense of comparative fault. The court accordingly held that the defendant's answer need not give a detailed factual statement of the grounds for the defense. But *Drury* was a state law slip and fall negligence claim, and comparative fault is a recognized defense to such a claim. It is not a defense to the present Cable Act action, and is properly stricken. *See J&J Sports Productions v. Ramirez-Bernal*, 2014 WL

2042120, *5 (E.D. Cal. May 16, 2014) ("[s]ince the complaint includes no negligence claims, this affirmative defense is impertinent).

With respect to the statute of limitations, neither Section 553 nor Section 605 contain any explicit limitations period. When a federal statute does not supply a limitations period, courts "generally 'borrow' the most closely analogous state limitations period." *Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 414 (2005). In resolving this question, courts will look for a state statute that is "actually designed to accommodate a balance of interests very similar" to that struck by the federal law at issue. *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 169 (1983). Relevant factors include "commonality of purpose and similarity of elements." *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 358 (1991).

Joe Hand relies on the decision of this court in *Kingvision Pay Per View, Ltd. v. Richard Bowers & George Bowers, Inc.*, 36 F. Supp. 2d 915, 918 (D. Kan. 1998). In that case, the court found persuasive the determination in *Joe Hand Promotions, Inc. v. Lott*, 971 F.Supp. 1058 (E.D.La.1997), that the most analogous state law cause of action to a claim under 47 U.S.C. § 605 was conversion, and applied the Louisiana statute of limitations for such actions to the plaintiff's § 605 claim. The statute of limitations for conversion actions in Kansas is two years. K.S.A. § 60-513(a)(2). The March 11, 2016 Complaint in this case alleges that the defendants' unauthorized publication of the UFC match occurred on March 15, 2014.

The defendants argue that the court should instead apply the one-year limitations provision for an "action upon statutory penalty or forfeiture." K.S.A. 60-

514(c). The court finds no support for such a result, which was the *Kingvision* court expressly rejected as "misguided." 36 F.Supp.2d at 918.

"A conversion cause of action is more analogous to the Cable Act than a statutory penalty cause of action." *Kingvision Pay Per View, Ltd. v. Boom Town Saloon, Inc.*, 98 F.Supp.2d 958, 966-67 (N.D. Ill. 2000) ("if the Court were to select a state-law statute of limitations, the Court would side with the cases applying the conversion statute of limitations").[2] Because "the 'essential character' of Sections 553 and 605 of the Cable Act is remedial rather than punitive, … it would be inappropriate under any circumstance to borrow from state law the limitations periods governing statutory penalties." *Id.*

The defendants suggest (Dkt. 14, at 8) that *Kingvision* lacks authority because the defendant in that case had failed to properly raise statute of limitations as a defense. However, while the court indeed noted the defendants had failed to raise the issue in the pretrial order, it also acknowledged that the plaintiff made no objection to addressing the issue, so "the court has considered defendants' statute of limitations argument, and rejects it on the merits." 36 F.Supp.2d at 918.

---

[2] The court in *Kingston v. Boom Town* addressed the issue of the most analogous state law claim in the alternative, having earlier concluded that, under an exception to the general rule for selecting a state law analogue, Cable Act claims are controlled by the three-year statute of limitations contained in the federal Copyright Act, 17 U.S.C.A. § 507(b). See 98 F.Supp.2d at 960 (a court should apply federal limitations period if the associated federal law is "clearly more analogous to the legislation than the state statutes, and if the state statutes of limiation are unsatisfactory vehicles for enforcing the federal law" (citation and internal quotations omitted)). Many courts have reached the same conclusion, particularly in the absence of a state cable piracy statute. *See Nat'l Satellite Sports, Inc. v. Time Warner Entm't Co.*, L.P., 255 F.Supp.2d 307 (S.D.N.Y.2003); T*ime Warner Cable Nat'l Div. v. Bubacz*, 198 F.Supp.2d 800 (N.D.W.Va.2001); *Kingvision Pay Per View, Ltd. v. Boom Town Saloon, Inc.*, 98 F.Supp.2d 958, 964 (N.D. Ill. 2000).

Accordingly, the court finds that the plaintiff's motion should be granted as to the affirmative defenses set forth in the Amended Answer. However, the court reaches a different result as to the request to strike any claim by the defendants for attorney fees. The Amended Answer asks both that the court dismiss the plaintiff's claims "and that Defendants recover their attorney's fees and costs." (Dkt. 12 ,at 3, 4). The plaintiff asks that the court strike the request for fees because Sections 553 and 605 only provide for the recovery of attorney fees by "an aggrieved party." 47 U.S.C. § 553(c)(2)(C); 605(e)(3)(B)(iii). *See VJC Productions, Inc. v. Kydes*, 903 F.Supp. 42, 43-44 (S.D. Ga. 1995) (terminology of the Act precluded recovery by prevailing defendant).

However, as *VJC* noted, "nothing prevents Cable Act defendants from seeking similar relief under other statutes or rules, such as F.R.Civ.P. 11." 903 F.Supp. at 44. Here, defendants argue in their Response that such a claim for attorney fees may be justified under 28 U.S.C. § 1927, or where an action has been brought in bad faith,. *See Morris v. Lomas & Nettleton Co.*, 825 F. Supp. 979, 979 (D. Kan. 1993). The defendants' factual allegations are not substantial, writing in their Response merely that "Defendant [sic] believes facts will bear out during litigation that will make recovery of attorney's fees under either the bad faith exception or § 1927 appropriate." (Dkt. 14. at 10). However, although the request for attorney fees is not an affirmative defense, the same considerations which underlay the *Falley* and *Larson* decisions also counsel applying a similar standard to the defendants' request for fees and costs. *See Mack v. CVS Caremark*, 2013 WL 1210902, *3, n. 1 (N.D. Ga. Marcy 7, 2013) ("While the 'WHEREFORE Clause'" seeking attorney fees from plaintiff "is technically not a defense, the Court believes it is

8

improper to hold any content within an answer to the *Iqbal* and *Twombly* plausibility standard"). The court will not strike the request for fees and costs.

Finally, the court will deny the plaintiff's request for its attorney fees in bringing the motion to strike. As the plaintiff correctly notes, the court has inherent authority to assess attorneys fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). However, "[d]istrict courts are well-advised to use their inherent power cautiously and to grant attorneys' fees sparingly under that power." *RTR Technologies v. Helming*, 707 F.3d 84, 94 (1st Cir. 2013) (citing *Chambers*, 501 U.S. at 45-46). An award of fees pursuant to his inherent power is "reserved for egregious circumstances," *Mullane v. Chambers*, 333 F.3d 322, 338 (1st Cir.2003) (quoting *Whitney Bros. Co. v. Sprafkin*, 60 F.3d 8, 13 (1st Cir.1995)), and "compelling situations," *Dubois v. U.S. Dep't of Agric.*, 270 F.3d 77, 80 (1st Cir.2001).

Joe Hand is a large entertainment corporation seeking to enforce its rights against two defendants who operate a small town bar and grill. As indicated in some of the cases cited earlier in this decision, a standard if not routine practice for companies enforcing their rights under the Cable Act is the filing of a motion to strike affirmative defenses which defendants will inevitably advance in their answers, given the time constraints of Rule 12(a)(1)(A)(i), and the potential waiver of unpled affirmative

defenses under Rule 12(g)(2). The court finds no compelling basis for an award of fees to the plaintiff.[3]

IT IS ACCORDINGLY ORDERED this 13th day of December, 2016, that the plaintiff's Motion to Strike is granted in part and denied in part, as provided herein.

___s/ J. Thomas Marten___
J. THOMAS MARTEN, JUDGE

---

[3] Other courts have reached similar conclusions. *See Innovative Sports v. Neto*, 2013 WL 5395982, *3 (D.N.J. Nov. 1, 2013) (including in an answer affirmative defenses which are ultimately stricken by the court "does not reach the level of unreasonableness necessary for sanctions"); *Joe Hand Promotions v. JAC-SAM, Inc.*, 2013 WL 623923, *4 (M.D. Fla. Feb. 20, 2013) (striking affirmative defenses, refusing plaintiff's request of attorney fees*); J&J Sports Productions v. Orellana*, 2011 WL 3021861, *2 (S.D. Tex. July 22, 2011) (same).